*In re:*

Lic. Alfonso Rivera
Valdivieso

Investigación de
Conducta Profesional

RESOLUCIÓN

San Juan, Puerto Rico, a 23 de diciembre de 1969

Considerado el asunto del abogado Alfonso Rivera Valdivieso, el Tribunal determina que no existe causa para

ordenar la formulación de querella en contra del mencionado abogado y, consecuentemente, ordena su archivo.

Lo acordó el Tribunal y certifica el Secretario.

El Juez Presidente, Señor Negrón Fernández no intervino. Los Jueces Asociados Señores Blanco Lugo, Ramírez Bages y Torres Rigual disintieron por considerar que existe causa para la formulación de querella.

(Fdo.) Joaquín Berríos
*Secretario*

—O—

Voto disidente del Juez Asociado Señor Blanco Lugo, en el cual concurren los Jueces Asociados Señores Ramírez Bages y Torres Rigual

El Canon 28 de los de Ética Profesional que proscribe la instigación de litigios, bien directa o indirectamente, reza en parte:

"Constituye una incorrección profesional el que un letrado aconseje caprichosamente la iniciación de un procedimiento judicial . . . . Es desprestigioso . . . buscar a aquellas personas con derecho a entablar acciones de daños y perjuicios o de cualquier otra índole, con el propósito de hacerlas sus clientes, o emplear agentes o corredores con análogo objeto, o pagar, o regalar, directa o indirectamente a aquéllos que traen, o influyan para que vayan tales pleitos a sus despachos, o remunerar a policías, empleados de tribunales o prisiones, médicos auxiliares de hospitales, o a otros que puedan tener buen éxito, so pretexto de dar amigable y desinteresado consejo, influyendo en el criminal, en el enfermo y en el lesionado, o en el ignorante u otros, para que utilicen sus servicios profesionales . . . ."

En el derecho consuetudinario inglés esta práctica se denominaba baratería, Drinker, *Legal Ethics*, (1953), pág. 64 y págs. 210–273; Malcolm, *Legal and Judicial Ethics*, pág. 110. Su más conocida manifestación en la época actual

es la conocida como "persecución de ambulancias". El término, utilizado por primera vez en 1906 por la Corte de Apelaciones de Nueva York en *Matter of Clark*, 77 N.E. 1, 5, comprende una conducta que de generalizarse atenta contra los preciados valores de la relación profesional. Luther, *Legal Ethics: The Problem of Solicitation*, 44 A.B.A.J. 554 (1958); Comentario en 25 U. Chi. L. Rev. 674 (1958). En esencia se requiere (a) la existencia de un incentivo, directo o indirecto, a un particular, ordinariamente un lego, que puede consistir en un pago fijo, una participación contingente en el resultado del litigio o un salario fijo;[1] (b) el conocimiento por el abogado, bien directamente o fácilmente derivable de las circunstancias concurrentes, de que los asuntos que le han sido referido han sido procurados; (c) la demostración de que se trata, no de incidentes aislados, sino de una práctica frecuente. Véanse, Serrano Geyls, *Los "Perseguidores de Ambulancias"*, 23 Rev. C. Abo. P.R. 305 (1963); Anotación, *"Ambulance chasing" or similar solicitation of personal injury cases as ground for disbarment, suspension, or other disciplinary action*, 67 A.L.R.2d 859 (1959); la interesante nota que aparece en 30 N.Y.U. L. Rev. 182–193. En Puerto Rico ya hemos tenido asomos de la existencia de esta censurable práctica, *In re Rivera Rivera*, 86 D.P.R. 92 (1962).

Estimo que el informe de la investigación efectuada por el Procurador General en el presente caso contiene suficientes elementos para alertarnos a que nos encontramos frente a algo más que una mera posibilidad de la transgresión del canon transcrito, y que procede dilucidar plenamente la situación. Para esta determinación sólo puedo exigir aquel

[1] La mera utilización de investigadores asalariados no revela la existencia de este elemento de incentivo. *Re Heirich*, 140 N.E.2d 825 (1957); *In re Sizer*, 267 S.W. 922 (1924); *In re McCullough*, 95 P.2d 13, 17 (Utah 1939); pero véase, *In re Mahan*, 239 N.Y.Supp. 392 (1930), en cuanto al grado de prueba a este respecto.

grado de prueba que lastime la sensibilidad ética del más desprevenido. No está demás reiterar que el propósito de los procedimientos disciplinarios no es castigar a un abogado en particular, sino la protección del público y mantener la integridad de la profesión y de los tribunales. Fuster, *Los Cánones de Etica Profesional y la Buena Conducta Profesional*, 32 Rev. Jur. U.P.R. 661 (1963).

Mi preocupación es que acuerdos como éste presagien un proceso de erosión paulatino en las exigencias de cumplimiento de las normas éticas y a un relajamiento insospechado de éstas. *Cf. In re Lugo Bougal*, 95 D.P.R. 226 (1967); *In re Pérez Rodríguez*, 91 D.P.R. 219 (1964); e *In re Andino Elías*, 88 D.P.R. 674 (1963).